UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-221-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DANIEL THOMAS BROYLES, SR., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence based on the United States Sentencing Guidelines § 4C1.1 adjustment for zero-point offenders. (Doc. No. 650). The Government has filed a response in opposition. (Doc. No. 656). Defendant is not eligible for this adjustment because he received a sentencing guidelines offense level adjustment for knowingly targeting vulnerable victims under U.S.S.G. § 3A1.1. (See Doc. No. 606 ¶¶ 52, 58; Doc. No. 645 § I.A). Therefore, the Court will deny the motion.

I.  **Background**

On August 18, 2016, Defendant was charged with sixteen felony counts in a securities investment fraud scheme related to Niyato Industries, Inc. for mail and wire fraud conspiracy, mail fraud, wire fraud, and money laundering. (Doc. No. 3). After learning of the indictment, Defendant relocated to a new address in Mexico to evade and hide from law enforcement. (Doc. No. 606 ¶ 22). On March 5, 2019, Defendant was indicted on twenty-one felony counts in a separate securities fraud scheme involving the securities of EarthWater Ltd., in the Northern District of Texas. United States v. Comu, 3:19-cr-112 (N.D. Tex. Mar. 5, 2019).[1] Defendant was

---

[1] On June 21, 2022, the pending indictment in United States v. Comu, 3:19-cr-112 (N.D. Tex.),

arrested in Mexico on January 5, 2021. (Doc. No. 606 at p. 2). The government extradited Defendant from Mexico, and he made his initial appearance in this District on March 9, 2022. (See Minute Entry, Mar. 9, 2022).

On June 21, 2022, the parties entered a plea agreement to simultaneously resolve both the Niyato and EarthWater indictments. (Doc. No. 597). On September 26, 2022, the U.S. Probation Office filed a Presentence Investigation Report (PSR). (Doc. No. 606). On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. See U.S.S.G. § 4C1.1 (commentary). Amendment 821 added Section 4C1.1 – Adjustment for Certain Zero-Point Offenders. On January 4, 2024, the Court adopted the findings in the PSR without change and sentenced defendant to 48 months' imprisonment. (Doc. No. 644 and 645 at § I.A).

## II.     Relevant Law

Amendment 821 to the U.S. Sentencing Guidelines added section 4C1.1 and provides for two-level decrease to the offense level for any defendant who (i) has zero criminal history points under Chapter Four, Part A of the Guidelines, and (ii) do not fall within any of the enumerated exclusions in U.S.S.G. § 4C1.1(a)(2) – (10).

Relevant to defendant's motion is the exclusion under U.S.S.G. § 4C1.1(a)(9) that "defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim)…." Under this prong, if a defendant received any adjustment under U.S.S.G. § 3A1.1, then the defendant would not be eligible for the two-level deduction for a zero-point offender under U.S.S.G. § 4C1.1. Indeed, defendant's own motion concedes that receiving a vulnerable victim adjustment under U.S.S.G. § 3A1.1 is an "excludable condition[] or criteria" from the

---

with respect to defendant, was transferred to the Western District of North Carolina pursuant to Rule 20 of the Federal Rules of Criminal Procedure. See United States v. Broyles, 3:22-cr-150-MOC (W.D.N.C. Jun. 21, 2022).

2

U.S.S.G. § 4C1.1 two-level deduction for zero-point offenders. (Doc. No. 650 at pp. 2–3).

Defendant is ineligible because a two-level vulnerable victim increase applied to defendant's total offense level under U.S.S.G. § 3A1.1(b)(1). First, defendant's plea agreement stipulated that a two-level increase applied for the vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1). (Doc. No. 597 ¶ 8.f). Second, the PSR concluded that defendant's offense level calculation included a two-level increase pursuant to U.S.S.G. § 3A1.1(b)(1) because the "defendant knew or should have known the victim of the offense was a vulnerable victim…." (Doc. No. 606 ¶¶ 52, 58). Third, at no time for which the government is aware has defendant objected to the applicability of the vulnerable victim adjustment to defendant's offense level calculation. Fourth, the Court's Statement of Reasons for the imposed 48-month sentence adopted the findings in the PSR "without change," which incorporated by reference the two-level vulnerable victim increase pursuant to U.S.S.G. § 3A1.1(b)(1). (Doc. No. 645).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence based on the United States Sentencing Guidelines § 4C1.1 adjustment for zero-point offenders (Doc. No. 650) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

3

Case 3:16-cr-00221-MOC-DCK   Document 657   Filed 08/15/24   Page 3 of 3